**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SAMANTHA BUTTS,**
**Individually and on behalf**
**of her son B.B., a Minor,**

       Plaintiffs,

**v.**                                     **CIVIL ACTION NO.: 3:16-CV-71**
                                             **(GROH)**

**BERKELEY MEDICAL CENTER a/k/a**
**CITY HOSPITAL; WEST VIRGINIA**
**UNIVERSITY HOSPITAL, INC.;**
**SHENANDOAH WOMEN'S HEALTH**
**CENTER; SHENANDOAH COMMUNITY**
**HEALTH CENTER; SHENANDOAH**
**MIDWIVES; SARAH HARDY, M.D.;**
**AMIRA KHOKAR, M.D.; THE UNITED**
**STATES OF AMERICA,**

       Defendants.

## MEMORANDUM ORDER AND OPINON

      Currently before the Court is Defendant Dr. Amira Khokar's Motion to Dismiss Plaintiff's Complaint [ECF No. 20], filed on August 15, 2016.  On September 9, 2016, the Plaintiff filed a Response.  Dr. Khokar filed a Reply on September 8, 2016.  On September 19, 2016, the Plaintiff filed a Motion for Leave to File Surreply, which the Court granted on September 28, 2016.  Upon granting the Plaintiff's motion, the Court also ordered both parties to submit supplemental memoranda addressing crucial issues that had not yet been adequately briefed.  On October 5, 2016, both parties filed their supplemental

memoranda.  Therefore, Dr. Khokar's motion to dismiss now being fully briefed and ripe for consideration, the Court hereby denies the motion for the reasons that follow.

## I. BACKGROUND

On May 27, 2016, Samantha Butts ("Plaintiff") filed a complaint, individually and on behalf of B.B. ("Plaintiff B.B."), her son who is a minor, alleging that the Defendants' negligent medical care caused her son's cerebral palsy and leukomalcia.  Dr. Khokar filed her motion to dismiss on August 15, 2016, arguing that the complaint should be dismissed in its entirety pursuant to Rule 12(b)(1) and with prejudice against the Plaintiff pursuant to Rule 12(b)(6).  Specifically, Dr. Khokar argues that the complaint should be dismissed in its entirety because the Plaintiff failed to comply with the West Virginia Medical Professional Liability Act's ("MPLA") pre-suit requirements.  Dr. Khokar avers that she never received a screening certificate of merit or a notice of intent prior to the complaint being filed.  Further, Dr. Khokar argues that the claims asserted by the Plaintiff in her individual capacity should be dismissed with prejudice because they are barred by the statute of limitations.

In response, the Plaintiff contends that the complaint should not be dismissed in its entirety because she complied with the MPLA.  The Plaintiff states that the notice letter and screening certificate were mailed on April 15, 2016, to the address for Dr. Khokar on file with the West Virginia Board of Medicine as of February 19, 2016.

Moreover, the Plaintiff argues that the complaint was timely filed because the statute of limitations does not begin to run until she knew or should have known that she suffered an injury as the result of medical negligence.  The Plaintiff also asserts that Dr.

Khokar "fails to offer evidence as to when [the Plaintiff] knew or should have known that her son has suffered an injury as the result of medical negligence." ECF No. 22 at 4.

In her reply, Dr. Khokar maintains that the entire complaint should be dismissed. Dr. Khokar argues that this case is distinguishable from any cases cited by the Plaintiff because she never actually received the notice or certificate of merit prior to being named in the instant litigation. Dr. Khokar further avers that the office where the notice and screening certificate were mailed informed Plaintiff's counsel that Dr. Khokar was no longer working there.

As to the Plaintiff's individual claims, Dr. Khokar contends in her reply that, under West Virginia law, it is the Plaintiff's burden to produce affirmative evidence that she did not know, or could not have reasonably yet known, the nature of Plaintiff B.B.'s injuries prior to the expiration of the statute of limitations. Dr. Khokar asserts that the Plaintiff has not offered any evidence to support the assertion that she did not become aware, or should not have reasonably been aware, of Plaintiff B.B.'s injury and its origin.

With leave granted, the Plaintiff filed a surreply, and again generally refuted Dr. Khokar's arguments. Thereafter, the Court ordered the parties to submit supplemental memoranda addressing pertinent issues that remained unclear. As a result of these filings, it became clear that Plaintiff B.B. was actually born on April 19, 2013. It is also clear that Dr. Khokar did not provide the West Virginia Board of Medicine with her correct address until June of 2016, apparently at least two months after she moved. Finally, Dr. Khokar argues that the Plaintiff failed to timely file her complaint, as to her individual claims, by at least six months. However, the Plaintiff argues that at this early stage of the proceeding, facts have not yet been sufficiently developed to determine

whether Dr. Khokar's motion to dismiss should be granted based upon the statute of limitations.

## II. LEGAL STANDARDS

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff and must view the allegations in a light most favorable to the plaintiff.  Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).  A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.'"  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added)).  Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

When rendering its decision, the court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)); see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011).

In ruling on a motion to dismiss under Rule 12(b)(1), no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See

<u>Materson v. Stokes</u>, 166 F.R.D. 368, 371 (E.D. Va. 1996). Instead, the burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982); <u>Mims v. Kemp</u>, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. If at any time, whether by suggestion of the parties or otherwise, the court determines that it lacks jurisdiction of the subject matter, the court must dismiss the action. <u>See</u> Fed. R. Civ. P. 12(h)(3).

The West Virginia Medical Professional Liability Act ("MPLA") includes provisions that prospective plaintiffs must follow before they may file a civil action. The MPLA provides that

> At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit.

> The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding.

W. Va. Code § 55-7B-6(b). The West Virginia Supreme Court of Appeals ("WVSCA") has held that "the purposes of requiring a pre-suit notice of claim and screening certificate of merit are (1) to prevent . . . frivolous medical malpractice . . . lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims." Syl. pt. 2, Westmoreland v. Vaidya, 664 S.E.2d 90 (W. Va. 2008). The WVSCA has also instructed courts reviewing the legal sufficiency of a notice of claim and certificate to apply § 55-7B-6 "in light of the statutory purposes" with a principal consideration being "whether a party . . . defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort to further the statutory purposes." Id. at Syl. pt. 5 (quoting Syl. pt. 6, Hinchman v. Gillette, 618 S.E.2d 387 (W. Va. 2005).

In Elmore v. Triad Hospitals, Inc., the WVSCA considered whether the lower court properly granted a defendant's motion to dismiss where the notice and screening certificate were not sent to him personally, or to his employer. See 640 S.E.2d 217 (W. Va. 2006). Instead, the plaintiff mailed the pre-suit documents to the hospital where the defendant doctor worked, under contract. The WVSCA considered the language of the statute, and it found that "[a]bsent further legislative prescription by definition of the term 'serve,' including direction about where a health care provider must be served . . . , [the plaintiff] complied with the plain meaning of the MPLA when he mailed the notification package by certified mail, return receipt requested, to [the defendant's] place of work." Id. at 223. Moreover, the court found "no reason to penalize [the plaintiff] with dismissal of his suit when the record fails to show that [he] was not acting in good faith or otherwise was neglecting to put forth a reasonable effort to further the statutory purposes." Id.

Regarding the statute of limitations, "a party must affirmatively state any avoidance or affirmative defense," including the statute of limitations. Fed. R. Civ. P. 8(c). "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, . . . and the burden of establishing the affirmative defense rests on the defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). The Goodman court went on to explain that a 12(b)(6) motion "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Id. A court can rule on such a motion only "if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

### III. DISCUSSION

In her motion to dismiss, Dr. Khokar advances two arguments. First, she argues that the complaint should be dismissed in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because of the Plaintiffs failure to comply with the MPLA. Second, Dr. Khokar argues that the individual claims asserted by the Plaintiff should be dismissed pursuant to Rule 12(b)(6) because they are time barred by the statute of limitations. In response, the Plaintiff contends that she attempted, in good faith, to comply with the MPLA by serving Dr. Khokar at the address on file with the West Virginia Board of Medicine. Further, the plaintiff asserts that the complaint was timely filed, and there are not enough facts developed at this early stage of the litigation to grant the motion based upon an affirmative defense.

As to Dr. Khokar's first argument, that the entire case should be dismissed because the Plaintiffs failed to comply with the MPLA, this Court is guided by the

WVSCA's interpretation and analysis of the statute. Although the parties have not offered any cases decided by the WVSCA where the facts were exactly the same as those presented herein, the Court is assured in its ruling by other illustrative cases. The WVSCA has held that a plaintiff "complied with the plain meaning of the MPLA when he mailed the notification package by certified mail, return receipt requested, to [the defendant's] place of work." Elmore v. Triad Hospitals, Inc., 640 S.E.2d 217, 223 (W. Va. 2006) (noting that "[a]bsent further legislative prescription by definition of the term 'serve,' including direction about where a health care provider must be served or similar technicalities regarding perfection of service" the plaintiff complied in good faith).

Here, Dr. Khokar argues that Elmore is factually distinguishable because Dr. Khokar never actually received the notice or screening certificate. However, Dr. Khokar's argument misses the WVSCA's point. The holding in Elmore was not focused upon or particularly concerned with the defendant doctor's actual receipt of the notice and screening certificate. In coming to its conclusion, the court, rather than noting actual receipt, focused its attention on the undisputed fact that the plaintiff "deposited in the mail the notice of claim by return-receipt certified mail, thirty-one days before filing a medical malpractice suit in the circuit court." Id. The WVSCA also reiterated that the principal considerations for a reviewing court when considering whether a plaintiff has complied with the MPLA's pre-suit requirements are good faith and reasonable effort to further the statutory purposes. Id. (citing Syl. pt. 6, Hinchman v. Gillette, 618 S.E.2d 387 (W. Va. 2005)).

Here, the Plaintiffs "deposited in the mail" a notice and screening certificate on April 15, 2016. The same was delivered on April 19, 2016, to the address Dr. Khokar had

on file with the West Virginia Board of Medicine. Dr. Khokar concedes, in her supplemental memorandum, that she did not change her address with the board of medicine until June of 2016. As was the case in Elmore, the Court here finds "no reason to penalize [the Plaintiffs] with dismissal of [their] suit when the record fails to show that [they were] not acting in good faith or otherwise [were] neglecting to put forth a reasonable effort to further the statutory purposes." 640 S.E.2d at 223. Indeed, in yet another case where the WVSCA reversed a lower court's decision to dismiss a case for failure to comply with the MPLA's pre-suit requirements, it cautioned that "dismissal based on procedural grounds is a severe sanction which runs counter to the general objective of disposing cases on the merit." Westmoreland v. Vaidya, 664 S.E.2d 90, 97 (quoting Dimon v. Mansy, 479 S.E.2d 339, 344-45 (W. Va. 1996)). At least one Other Court in this District has relied upon the WVSCA's decision in Westmoreland when finding that a plaintiff acted in good faith but failed to comply with the MPLA. See Giambalvo v. United States of America, Civil Action No. 1:11CV14, 2012 WL 984277 (N.D. W. Va. Mar. 22, 2012) (finding that "West Virginia's highest court considered the statutory purposes of § 55-7B-6 and held that a plaintiff's noncompliance with the pre-suit requirements of § 55-7B-6 constituted a procedural defect which did not warrant dismissal of his case). Similarly, this Court finds that dismissing the Plaintiffs' complaint would be inappropriate under the circumstances in this case.

Dr. Khokar also argues that the Plaintiff's individual claims should be dismissed because they are time barred by the statute of limitations. Dr. Khokar avers that, once she raised the statute of limitations in her motion, the Plaintiff bears the burden of establishing that her individual claims are not time barred. In contrast, the Plaintiff argues

that the statute of limitations is an affirmative defense, which must be established by the defendant.

Dr. Khokar avers that "[t]he law in West Virginia is clear" that "'[o]nce the defendant shows that the plaintiff has not filed his or her complaint within the applicable statute of limitations, the plaintiff has the burden of showing an exception to the statute.' Worley v. Beckley Mech., Inc., 220 W. Va. 633, 648 S.E.2d 620 (2007)[.]" ECF No. 24 at 5. Upon reviewing the Worley case, the Court was troubled to find that the proposition Dr. Khokar cites as clearly being the law in West Virginia is not in the body of the WVSCA's decision. The language Dr. Khokar quotes is only found in footnote seven of the court's opinion.[1] Without any doubt, West Virginia law is clear that "language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.'" State ex rel. Medical Assurance of West Virginia, Inc. v. Recht, 583 S.E.2d 80, 94 (W. Va. 2003) (quoting Black's Law Dictionary 1100 (7th ed. 1999)).

The Fourth Circuit has explained "that a motion to dismiss[,] . . . which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Furthermore, the Goodman court explained that "in the relatively rare circumstances where facts are sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the

---

[1] Further, the quoted language in footnote seven of Worley directs the reader to Cart v. Marcum, 423 S.E.2d 644 (W. Va. 1992). Cart was overruled by the WVSCA in 2009. Syl. pt. 1, Dunn v. Rockwell, 689 S.E.2d 255, 258 (W. Va. 2009) (holding that "[i]n order to clarify our law regarding the 'discovery rule,' Cart v. Marcum, 188 W. Va. 241, 423 S.E.2d 644 (1992) and its progeny are hereby overruled").

affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).  To follow Dr. Khokar's line of reasoning that, at this early stage in the proceeding, the Plaintiffs must provide affirmative evidence would be contrary to precedent.  "To require otherwise would require a plaintiff to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised. Of course, no such pleading is required . . . ." Id. at 466 (concluding that the district court erred in granting a motion to dismiss under Rule 12(b)(6) where the complaint did not "allege facts sufficiently clear to conclude that the statute of limitations had run").

Finally, the record is not sufficiently developed for this Court to determine when the statute of limitations began to run.  According to syllabus point three in Dunn, "the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury."  689 S.E.2d 255, 258. Here, the record is currently devoid of anything indicating when the Plaintiff became aware, or should have become aware, that the allegedly negligent actions of Dr. Khokar caused her son's injuries.  The Plaintiff had no obligation to plead in her complaint facts sufficient to overcome an affirmative defense, and Dr. Khokar has not provided any evidence to clearly indicate when the statute of limitations began to run.  As such, the Court cannot yet make a proper determination based upon the record before it.  Accordingly, it would be inappropriate to dismiss the Plaintiff's individual claims pursuant to Rule 12(b)(6).

## IV. CONCLUSION

Accordingly, the Court hereby **ORDERS** that Dr. Amira Khokar's Motion to Dismiss [ECF No. 20] is **DENIED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: December 9, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE